[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition seeking habeas corpus relief from allegedly unlawful confinement resulting from a judgment of conviction, after a guilty plea, for two counts of assault first degree, in violation of General Statutes § 53a-59 (a)(1), and one count of carrying a pistol without a permit, in violation of General Statutes § 29-35, for which the petitioner received a total, effective sentence of fifteen years incarceration.
In his second amended petition, the petitioner claims that his confinement is unlawful because his trial counsel, Attorney Christopher Cosgrove, rendered ineffective assistance with regard to the petitioner's decision to enter guilty pleas. Specifically, the petitioner contends that Cosgrove inadequately investigated the facts surrounding the charges against the petitioner; failed to consider certain defenses; and improperly advised the, petitioner to plead guilty and forego a jury trial.
The petitioner was originally charged in one file with two assault first degree counts arising out of allegations that he had an on-going feud with the two victims in the case; that one victim knocked on the apartment door where the petitioner resided and challenged the petitioner to follow him outside the building; that the petitioner retrieved two kitchen knives and, with the assistance of a coaccused, Jose Gomez, pursued the victims; that the petitioner stabbed one victim in the leg while the victim was attempting to flee and stabbed the other victim repeatedly while CT Page 8486 that victim was being held down by Gomez. The victims sustained serious injuries.
The petitioner's version of events was that he was defending himself after having been ambushed by four persons, including the two victims; was himself struck on the forehead by a broomstick; and suffered contusions and a concussion. The petitioner was hospitalized for a few days after the incident.
The petitioner testified at the habeas hearing that he had wanted to have a trial and only changed his pleas to guilty because he believed he would retain the opportunity to contest the charges. He also claims that he believed he was to receive a sentence of eight to ten years if he pleaded guilty.
Cosgrove also testified at the habeas hearing. He indicated that in preparing the petitioner's criminal case he reviewed the entire prosecution file, including police reports and witness statements. He obtained the victims' criminal histories. He interviewed all witnesses willing to speak with the defense. He attempted to speak with the victims who declined to be interviewed. He was aware, through Gomez's attorney, that Gomez refused to speak with him.
Cosgrove's investigation and analysis led him to conclude that the petitioner's claim of self-defense was weak and would fail. Cosgrove felt that the victim's testimony, the medical evidence, the petitioner's retrieval of two knives, his pursuit of the victims, and his repeated stabbing of a subdued victim gave the prosecution a strong case. In addition, the petitioner's concussion caused a loss of memory and made the petitioner's version of events very sketchy.
The petitioner was initially charged with two counts of attempted-murder as well as the assault charges. At first the petitioner was offered a ten year judicially indicated sentence if he pleaded guilty to the assault charges. The petitioner rejected the offer and elected a jury trial. Eventually, new charges arose while the petitioner was released on bond involving an unrelated weapons violation. After one day of jury selection on the stabbing case, the petitioner abruptly informed Cosgrove that he wanted to change his pleas to guilty. Cosgrove renegotiated with the prosecuting authority and, after discussions with the presiding judge, he was informed that, if the petitioner pleaded guilty to two assault first degree counts and carrying a pistol without a CT Page 8487 permit, a fifteen year prison sentence was probable.
Cosgrove related this information to the petitioner who accepted the terms. Cosgrove explained the elements of the offenses, the range of possible punishment, the consequences of entering guilty pleas, the judicially indicated expected sentence, and the advantages and disadvantages surrounding a change of plea. Cosgrove told the petitioner that the decision whether to changes his pleas to guilty was the petitioner's. The petitioner decided to plead guilty to the three offenses.
Credibility is for the trier-of-fact to determine. The court finds that Cosgrove's recollection of events is both credible and accurate. The court finds that the petitioner's recollection and testimony are flawed and unworthy of belief. The transcript of the petitioner's plea canvass reveals that the petitioner clearly understood that by pleading guilty he was waiving his right to trial and to contest the charges against him (Petitioner's Exhibit A, pp. 1 and 5). The transcript also discloses that the petitioner was aware of the fifteen year probable prison sentence (Petitioner's Exhibit A, pp. 6 and 9).
Our Supreme Court has adopted the two-pronged Strickland test for evaluating ineffective assistance claims; Ostolaza v. Warden,26 Conn. App. 758, 761 (1992). That test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different. Id.
As to the first prong of the Strickland test, the petitioner must demonstrate that his trial attorney's representation fell below an objective standard of reasonableness, Johnson v.Commissioner, 218 Conn. 403, 425 (1991). This standard of reasonableness is measured by prevailing, professional norms, Id. The habeas court must make every effort to eliminate the distorting effects of hindsight and to reconstruct the circumstances surrounding counsel's conduct from that attorney's perspective at the time of the representation, Id.
The petitioner has failed to meet his burden of proving, by a preponderance of the evidence, that Cosgrove's representation was deficient in any way. CT Page 8488
For these reasons, the petition is dismissed.
Sferrazza, J.